```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```
WILLIAM BERNARD PERRY,

      Plaintiff,

v.                             CASE NO. 8:08-CV-2455-T-17TBM

SEMINOLE TRIBE OF FLORIDA,
etc., et al.,

      Defendants.

_____/

ORDER

    This cause is before the Court on:

    Dkt. 7 Motion to Dismiss for Lack of Subject Matter
         Jurisdiction
    Dkt. 9 Order to Show Cause

    In the Amended Complaint (Dkt. 6), Plaintiff William Bernard Perry seeks compensatory and punitive damages for violation of the First Amendment, Fourth Amendment, Fifth Amendment, Eighth Amendment and Fourteenth Amendment.

    Plaintiff's Complaint arises from events which took place on September 15, 2007 on the Tampa Reservation of the Seminole Tribe of Florida. At that time, Plaintiff Perry alleges Plaintiff went to the "Seminole Hard Rock Casino, Inc." to pick up his girlfriend at 3:00 a.m. Plaintiff Perry was arrested and charged with DUI and Resisting Arrest Without Violence. These charges were terminated in favor Plaintiff Perry on September 8, 2008 in Hillsborough County Criminal Court.

Case No. 8:08-CV-2455-T-17TBM

I. Motion to Dismiss under Rule 12(b)(1), Fed.R.Civ.P.

Defendants move for dismissal of this case under Rule 12(b)(1), Fed.R.Civ.P., because this Court does not have subject matter jurisdiction over Plaintiff's claims, based on the doctrine of tribal sovereign immunity. Defendants argue that each Defendant is immune from suit. Defendants argue that, in the absence of a clear, express and unmistakable waiver of immunity by the Seminole Tribe of Florida, or the clear, express and unmistakable abrogation of immunity by act of Congress, federal and state courts do not have jurisdiction to resolve civil disputes brought against the Seminole Tribe or any of its subordinate governmental units and its Tribal Police Officers and other employees and agents. See Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc., 523 U.S. 751 (1998); Oklahoma Tax Commission v. Citizen Band Potawatomi Tribe of Oklahoma, 498 U.S. 505 (1991).

Defendants argue that Plaintiff's only claim arising from the conduct alleged in his Amended Complaint would be an action brought solely and exclusively against the United States of America under the Federal Tort Claims Act, 28 U.S.C. Sec. 2671 et seq., upon compliance with the condition precedent of notice to the United States of America on Form 95. Defendants argue that, under the FTCA, the Seminole Tribe and its employees, including Officer Nuckles and Chief Latchford, are deemed to be federal employees. Defendants argue that all claims against Indian tribes, such as the Seminole Tribe, arising from the Indian Self-Determination and Education act, Public Law 93-638, including police functions, be deemed and brought against the United States. See 25 U.S.C. Secs. 450-450n. The federal government

Case No. 8:08-CV-2455-T-17TBM

provides liability insurance to the tribal government when the tribal government carries out a federal function pursuant to a self-determination contract, based on the legal trust relationship between the tribal government and the federal government.  See FGS Contractors, Inc. v. Carlow, 64 F.3d 1230, 1234 (8th Cir. 1995).

Plaintiff Perry has not filed a response in opposition to Defendants' Motion to Dismiss for lack of subject matter jurisdiction.  After consideration, the Court finds that there has been no clear, express and unmistakable waiver of immunity by the Seminole Tribe of Florida, nor has there been a clear, express and unmistakable abrogation of tribal immunity by an act of Congress.  The Court therefore dismisses this case for lack of subject matter jurisdiction.

II.  Motion to Dismiss under Rule 12(b)(6), Fed.R.Civ.P.

Defendants also move to dismiss for failure state a claim, under Rule 12(b)(6), Fed.R.Civ.P.  Defendants argue that Plaintiff's constitutional claim does not state a claim against Defendants, either individually or officially, arising under 42 U.S.C. Sec. 1983, because Defendants could not have acted under color of state law.  Defendants argue that the common law immunity from suit enjoyed by Defendant Seminole Tribe extends to Defendants Seminole Police Department, Chief Latchford and Officer Nuckles, and shields them from liability under 42 U.S.C. Sec. 1983.  Defendants argue that the First, Fourth, Fifth, Eighth and Fourteenth Amendments do not constrain Indian tribes, which are regarded as separate sovereign tribal governments predating the Constitution.

3

Case No. 8:08-CV-2455-T-17TBM

Defendants argue that if Plaintiff Perry has a viable claim under the FTCA, the claim against the United States covers all claims against all moving Defendants.  Defendants also argue that if the FTCA claim is not viable, Plaintiff's claim fails on jurisdictional grounds, since Defendants are each immune from suit under the doctrine of tribal sovereign immunity.

Because the Court has dismissed this case based on lack of subject matter jurisdiction, the Court denies the Motion to Dismiss for failure to state a claim as moot.  Accordingly, it is

**ORDERED** that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction is **granted,** and Defendants' Motion to Dismiss for Failure to State a Claim is **denied** as moot.  The Clerk of Court shall close this case.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 30th day of July, 2009.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record